## ALVA McCANDLESS v. STATE.

No. A-7052.  Opinion Filed Jan. 25, 1930.
(287 Pac. 778.)

Leedy & Leedy, for plaintiff in error.

The Attorney General, for the State.

CHAPPELL, J. The plaintiff in error, hereinafter called defendant, was convicted in the county court of Ellis county on a charge of having possession of intoxicating liquor, and his punishment fixed at a fine of $50 and confinement in the county jail for thirty days.

The evidence of the state was that some deputy sheriffs visited the home of the defendant, served a copy of a search warrant on him, and proceeded to search the premises. In the house they found three pints of whisky, eight or ten beer cases, ten or twelve one-gallon jars with mash in the bottom of them, a sack with a jug and a bottle and fruit jars in it, all of which smelled strongly of alcohol and whisky. That as the officers left the house the defendant got on his horse and started west. They halted him and ordered him to remain at the house. That when they got farther away from the house they saw defendant on his horse again going toward a field. That he rode up to a shock of kaffir corn and broke a dozen bottles. That when they got up to him his hands were bleeding and there was a strong smell of home-brew and alcohol. That the defendant admitted the whisky and the broken bottles and the other bottles and paraphernalia in the house belonged to him. That he offered one of the officers $10 not to take the beer and whisky to town. That he kept beer there most of the time. That he had lots of relatives and they liked beer, and that he gave them a drink when they came.

The defendant claimed that he kept the whisky for his own use and that the bottles he broke contained home-brew which had spoiled.

The defendant first contends that this evidence is insufficient to support the verdict of the jury. This claim is without merit. The other objections of defendant go to the rulings of the court on the admission of incompetent, and rejection of what he claimed was competent, evidence. The information charged the defendant with the possession of intoxicating liquor, to wit, moonshine whisky and home-brew, with intent to barter, sell, give away, and otherwise furnish or dispose of the same. All of the evidence was competent for the purpose of establishing the possession and the intent of the defendant. A careful examination of the record discloses that the defendant had a fair trial.

The evidence is sufficient to support the verdict of the jury, and the cause is therefore affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.